IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| ANTONIO DEMOND RICHARDS, ) | Civil Action No. 3:07-3547-RBH-JRM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| SGT. KEVIN MULLET; ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Defendant. ) | |
| ) | |

Plaintiff filed this action on October 29, 2007.[1] His allegations concern incidents that occurred while he was an inmate at the Turbeville Correctional Institution of the South Carolina Department of Corrections ("SCDC"). Plaintiff is currently housed at the Spartanburg County Detention Center. Defendant is Sergeant Kevin Mullet.[2] On March 3, 2008, Defendant filed a motion for summary judgment. Plaintiff, because he is proceeding pro se, was advised on March 7, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendant's motion for summary judgment with additional evidence or counter-affidavits could result in the dismissal of his complaint. Plaintiff did not respond to the Roseboro order. On April 16, 2008, the undersigned issued an order allowing Plaintiff an additional fifteen days in which to advise the Court whether he wished to continue to prosecute this action. On April 25, 2008, Plaintiff filed a response in which he stated that he wished to continue this action, but he did not file any supporting materials.

---

[1]Pretrial matters in this case were referred to the undersigned pursuant to Rule 73.02(B)(2)(e), DSC. Because these are dispositive motions, this report and recommendation is entered for review by the court.

[2]On November 29, 2007, the Honorable R. Bryan Harwell, United States District Judge, dismissed the case as to Defendants Eric Davis and SCDC. See Doc. 13.

DISCUSSION

Plaintiff alleges that Defendant violated his Eighth Amendment rights because Defendant failed to protect him from an attack by another SCDC inmate. He requests restitution and/or punitive damages for "embarrassment[,] pain and suffering, bodily injury, emotional stability, impairment of vision[,] and failure to provide sufficient security."[3] Complaint at 5. Defendant contends that he is entitled to summary judgment because: (1) Plaintiff fails to state a claim as to any failure to protect him from an alleged act of excessive force; (2) Defendant is entitled to Eleventh Amendment immunity; (3) Defendant is entitled to qualified immunity; and (4) any perceived state law claims should be dismissed under the discretion of the court.

1.      Failure to Protect

Plaintiff alleges that on August 29, 2007, he was coming back from an appointment when his cell mate Eric Davis ("Davis") repeatedly yelled "don't bring that dude back in my room." He claims that he asked not to be placed back in the cell, but Defendant did so anyway. Plaintiff alleges Davis punched him in the facial area, Defendant left him in restraints while Defendant went to retrieve Top Cop chemical spray, Davis threw him on the floor and kicked him in the ribs and face, and Defendant returned and sprayed Davis with Top Cop.

---

[3] There is no federal constitutional right to be free from emotional distress, psychological stress, or mental anguish, and, hence, there is no liability under § 1983 regarding such claims. See Grandstaff v. City of Borger, 767 F.2d 161 (5th Cir. 1985), cert. denied, 480 U.S. 916 (1987); and Rodriguez v. Comas, 888 F.2d 899, 903 (1st Cir. 1989). The PLRA provides:
> No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury.

42 U.S.C. § 1997e(e).

2

Defendant contends that Plaintiff fails to establish an Eighth Amendment claim because he was not indifferent to any duty to protect Plaintiff. He also argues that Plaintiff's claim should be denied because he has only shown de minimis injuries.[4] Defendant states that upon arriving at the cell, he instructed inmate Davis to move to the back wall of the cell and remain there while Plaintiff was brought into the cell; Davis complied with the directive; and before he could direct Plaintiff to the door flap to remove Plaintiff's handcuffs, Davis ran to Plaintiff and knocked Plaintiff on the floor. He states that he carries a supply of Top Cop chemical munitions on his person and that he immediately administered a burst toward Davis and directed Davis to cease, Davis refused to comply, and he called another officer to assist. Defendant states he administered another burst of chemical munitions towards Davis' facial area and Davis continued to refuse to comply, he administered a third burst of chemical munitions toward Davis' facial area, and Davis finally complied with the directives and stepped away from Plaintiff. The other officer and Defendant removed the inmates from the cell; the inmates were afforded medical treatment, showers, and a change of clothes; and charges were brought against Davis. Additionally, Defendant states that

---

[4]Defendant submitted a copy of Plaintiff's SCDC medical records from the date of the alleged incident until December 2007. Plaintiff was examined by SCDC medical personnel on August 29, 2007, at which time it was noted that Plaintiff had an approximately "2 x 2 sized knot" on the right side of his face at his eyebrow and there was a scant amount of blood. He also complained of an area from his mid left mid back to his sternum that was very tender to touch. No edema or bruising were noted. On August 31, 2007, a nurse noted that the area above Plaintiff's eye was well healed and no followup was needed or required. Plaintiff complained to medical personnel about pain on his left side on September 4, 2007. A nurse noted that there was no discoloration and the area was not tender to touch. On September 12, 2007, Plaintiff complained of pain to his left chest and was examined by a physician who diagnosed musculoskeletal pain and prescribed ibuprofen. There is no indication that Plaintiff made no further complaints about any pain or damage as a result of the altercation with his cell mate. See Plaintiff's SCDC Medical Records (Attachment to Defendant's Motion for Summary Judgment).

3

when he approached the cell he did not hear Davis say anything that would have indicated he did not want Plaintiff in the cell or that Davis was hostile to Plaintiff. Defendant's Aff., Paras. 2-7.

Deliberate or callous indifference on the part of prison officials to a specific known risk of harm states an Eighth Amendment claim. Pressly v. Hutto, 816 F.2d 977, 979 (4th Cir. 1987). Not every injury suffered by one inmate at the hands of other inmates, however, translates into constitutional liability for the prison officials responsible for the victim's safety. See Farmer v. Brennan, 511 U.S. 825, 835 (1994). In Farmer, the Supreme Court defined deliberate indifference, holding that "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id., at 847. The test is not whether an official knew or should have known of the possibility of harm, but whether he did, in fact, know of it and consciously disregard that risk. "[T]he official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id., at 837. While the objective information known to the official may be used to infer the knowledge he actually had, and to draw inferences about his actual state of mind, those inferences are not conclusive. Further, the Eighth Amendment is not violated by the negligent failure to protect inmates from violence. Whitley v. Albers, 475 U.S. 312, 319 (1986); Moore v. Winebrenner, 927 F.2d 1312 (4th Cir. 1991), cert. denied, 502 U.S. 828 (1991); Pressly, supra.

Plaintiff fails to show that his constitutional rights were violated. He has not shown that Defendant knew he faced a substantial risk of serious harm or that Defendant consciously disregarded that risk. In the light most favorable to Plaintiff, Davis and Plaintiff requested that Plaintiff not be put back in the cell. There is no indication of any threat made against Plaintiff or

any known danger. Although the parties dispute the sequence of events, Plaintiff admits that Defendant took steps (spraying Davis with Top Cop) to break up the altercation.

Further, to the extent that Plaintiff claims that Defendant was negligent or grossly negligent, he fails to establish a § 1983 claim. Negligence, in general, is not actionable under 42 U.S.C. § 1983. See Daniels v. Williams, 474 U.S. 327, 238-36 & n. 3 (1986); Ruefly v. Landon, 825 F.2d 792, 798-94 (4th Cir. 1987); and Pink v. Lester, 52 F.3d 73, 78 (4th Cir. 1995). Furthermore, 42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law. DeShaney v. Winnebago Dep't. of Social Services, 489 U.S. 189, 200-03 (1989).

2.    Immunity

Defendant contends that he is entitled to Eleventh Amendment immunity. When a defendant is sued in his or her official capacity, the suit is frequently intended as one against the state, the real party in interest. If review of the pleadings indicates that the state is, in fact, the party being sued, then a judgment awarding damages is precluded by the Eleventh Amendment of the United States Constitution. Although declaratory and/or injunctive relief may be granted, damages may not be awarded against the state. In the case of Will v. Michigan Department of State Police, 491 U.S. 58 (1989), the Supreme Court analyzed the interplay between § 1983 and the Eleventh Amendment of the Constitution and stated:

> Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity [cites omitted] or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity.

Id. at 66.

The Eleventh Amendment immunity granted to the states "applies only to States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes," but the court found that state agencies, divisions, departments, and officials are entitled to Eleventh Amendment immunity. Id. at 70. In reaching this conclusion, the court held that a suit against state officials acting in their official capacities is actually against the office itself and, therefore, against the state. State officials may only be sued in their individual capacities. Therefore, Defendant is entitled to Eleventh Amendment immunity from monetary damages in his official capacity.

Defendant also argues that he is entitled to qualified immunity. The Supreme Court in Harlow v. Fitzgerald, 457 U.S. 800 (1982), established the standard which the court is to follow in determining whether a defendant is protected by qualified immunity.

> Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

Harlow, 457 U.S. at 818.

The Court of Appeals for the Fourth Circuit stated:

> Qualified immunity shields a governmental official from liability for civil monetary damages if the officer's "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." "In determining whether the specific right allegedly violated was 'clearly established,' the proper focus is not upon the right at its most general or abstract level, but at the level of its application to the specific conduct being challenged." Moreover, "the manner in which this [clearly established] right applies to the actions of the official must also be apparent." As such, if there is a "legitimate question" as to whether an official's conduct constitutes a constitutional violation, the official is entitled to qualified immunity.

Wiley v. Doory, 14 F.3d 993 (4th Cir. 1994)(internal citations omitted), cert. denied, 516 U.S. 824 (1995). As discussed above, Plaintiff fails to show that Defendant violated any of his clearly

6

established constitutional or statutory rights. Therefore, Defendant is entitled to qualified immunity in his individual capacity.

   3.  <u>State Law Claims</u>

   Plaintiff may also be attempting to assert claims under South Carolina law. Any such claims are based on state law and premised on supplemental jurisdiction. As Plaintiff fails to show that Defendant violated his rights under § 1983 (as discussed above), only his state law claims would remain. Thus it is also recommended that, pursuant to 28 U.S.C. § 1367(c)(3), any remaining state law claims be dismissed.

<u>CONCLUSION</u>

  Based upon review of the record, it is recommended that Defendant's motion for summary judgment (Doc. 24) be granted.

            Respectfully submitted,

            Joseph R. McCrorey

September 10, 2008
Columbia, South Carolina

  **The parties' attention is directed to the important information on the attached notice.**